## CHARLES S. LESTER *vs.* BENJAMIN WEBB.

If the directors of a corporation by vote authorize their treasurer to indorse notes of the corporation to a third person, or if such treasurer is suffered to draw and accept drafts, to indorse notes payable to the corporation, and to do other similar acts whereby he is held out to the public as having the general authority implied from his official name and character, an indorsement made in pursuance of such express or implied authority passes a valid title to the indorsee; and in a suit by the indorsee of a note so indorsed, against the maker, in which there is evidence tending to prove the above facts, the omission to state the above rules of law to the jury, in compliance with the request of the plaintiff, is sufficient ground for a new trial.

CONTRACT on three promissory notes signed by the defendant — one being dated December 18 1854, and the other two December 19 1854 — all payable to the order of the National Protection Insurance Company of the State of New York in twelve months after date, and purporting to be indorsed to the plaintiff by said company, acting by T. Safford, its treasurer The defendant denied that Safford had authority to make the indorsements. At the trial in the superior court, before *Russell,* J., the plaintiff introduced evidence tending to show that said Safford was the treasurer of that company in 1854 and 1855; that he was in the habit of indorsing notes and drafts drawn to the order of the company; that he signed all the checks and drafts of the company as its treasurer; that he kept the bank account of the company as its treasurer; that he accepted drafts for the company; that he did these things in the presence of officers of the company, and that this duty was imposed upon him by the directors; that the name on the back of the notes was in his handwriting, and that he had since died; that the notes were in the possession of the plaintiff, indorsed as above stated, before they fell due, and were by him left for collection with the cashier of a bank in New York. One Walbridge was also introduced as a witness for the plaintiff, and testified that at a meeting of the board of directors of the company in the spring of 1855 the question of transferring the notes in suit to the plaintiff was brought up, and, according to his present recollection, Safford was directed to transfer them to the plaintiff

that he, the witness, kept minutes of the action of the board as its clerk, but that the minutes were never recorded at length, and were now lost. Answers by the plaintiff to interrogatories propounded to him by the defendant were also put into the case, containing statements of his negotiations with the directors of the company respecting the transfer to him of some of their premium notes, and of their final agreement to make such transfers, and of the subsequent action of Safford in transferring the notes in suit.

The plaintiff asked the court to instruct the jury that the facts testified to, if believed, showed a legal and valid transfer of the notes before their maturity by the company to the plaintiff, and gave him a good title to them. But the court instructed the jury that, upon the question of the authority of Safford to transfer the notes, the burden of proof was upon the plaintiff; that the jury must consider all the evidence offered to them, and must determine whether, on the whole, they were reasonably satisfied, upon a preponderance of proof that he had such authority ; and in commenting upon the evidence, he stated to them that it would be proper for them to take into consideration, among other things, the absence of any record of any vote of the company authorizing or directing the transfer as a fact bearing upon the question.

The verdict was for the defendant, and the plaintiff alleged exceptions.

*W. Dwight,* for the plaintiff.

*J. A. Gillis,* ( *S. H. Phillips* with him,) for the defendant.

BIGELOW, C. J. The plaintiff rested his title to the notes declared on upon two grounds, either of which was sufficient to enable him to maintain his action. One was that the notes were transferred to him by the indorsement of the treasurer of the corporation in pursuance of a direct authority conferred on him at a meeting of the directors. There was evidence at the trial which tended strongly to sustain this ground. If such a transfer was made, the plaintiff held the notes by a title clearly legal and valid. The management and control of the prudential affairs of a corporation are by law vested in the directors,

who are empowered to make disposition of its property and assets in the usual and ordinary course of its business. In the aspect of the case which was presented by the proof that the indorsement of the notes by the treasurer was in pursuance of a direct authority from the directors, we think the plaintiff was entitled to the instruction for which he asked, and that the jury should have been told that if they believed the evidence on this point, the plaintiff held the notes by a title which was in law valid and sufficient.

The other ground on which the plaintiff claimed to recover was that the notes were indorsed to him by the treasurer of the corporation; and if he had no authority to make the transfer by any direct vote or action of the directors, he was nevertheless empowered to make the indorsement by virtue of his being the general agent of the corporation for the management of its fiscal concerns, and as having been held out to the world as authorized to make and indorse negotiable paper on behalf of the corporation. Upon this point, also, there was evidence which tended to support the plaintiff's case. If the jury believed this evidence, it would be their duty to return a verdict for the plaintiff. The rule is well settled, that if a corporation permit their treasurer to act as their general fiscal agent, and hold him out to the public as having the general authority implied from his official name and character, and by their silence and acquiescence suffer him to draw and accept drafts, and to indorse notes payable to the corporation, they are bound by his acts done within the scope of such implied authority. *Fay* v. *Noble*, 12 Cush. 1. *Williams* v. *Cheney*, 3 Gray, 215. *Conover* v. *Mutual Ins. Co.* 1 Comst. 290. On the facts proved at the trial, the plaintiff might well claim, if the jury believed the evidence, that the treasurer had authority to indorse the notes in suit, derived not from any express direction, but from the course of conduct and dealing of the treasurer with the knowledge and implied assent of the directors of the corporation.

The error at the trial consisted, not in leaving the question of the authority of the treasurer to indorse the notes declared on to the jury, but in omitting to state, in answer to the plaintiff's

prayer for instruction, what would in law constitute sufficient proof of such authority. The case was left to the jury without any statement of the rules of law applicable to the facts in evidence. On this ground, the plaintiff is entitled to a new trial.

*Exceptions sustained.*