## Beaver Borough, Appellant, *v.* Beaver Valley Railroad Company.

*Appeals—Assignments of error—Railroads—Equity.*

On an appeal from a decree dismissing a bill in equity filed to restrain a railroad company from constructing a siding in a street, where it appears that it was conceded in the court below that the company had the right to construct its main line in the street, and no assignment of error raises a question to the contrary, the appellate court will not consider an argument against such right.

*Railroads—Use of streets—Right to construct siding.*

A railroad company which has the right to maintain tracks in a street 100 feet wide, may construct a siding from its main tracks, if such siding will not constitute an unreasonable obstruction to public travel.

MITCHELL, C. J., BROWN and MESTREZAT, JJ., dissent.

Argued Oct. 17, 1906. Appeal, No. 181, Oct. T., 1906, by plaintiff, from decree of C. P. Beaver Co., March T., 1906, No. 5, dismissing bill in equity in case of Beaver Borough v. Beaver Valley Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before WILLIAMS, P. J., specially presiding.

The court filed an opinion which was in part as follows:

### FINDINGS OF FACT.

1. That the borough of Beaver is a municipal corporation, duly chartered by an act of the general assembly of the commonwealth of Pennsylvania, approved March 29, 1802, and, by a decree of the court of quarter sessions of Beaver county, entered in a proceeding at No. 2, September sessions, 1866, became subject to the provisions and entitled to the benefits of the Act of Assembly approved April 3, 1851, P. L. 320, commonly called the General Borough Act.

2. That the defendant is a railroad corporation organized and existing under the provisions of an act of the general assembly of the commonwealth of Pennsylvania, entitled, "An act to authorize the formation and regulation of railroad corporations," approved April 4, 1868, and the several supplements thereto, chartered September 5, 1899, for the construction and operation of a railroad from a point, the eastern terminus being at or near a point where the Beaver and Mercer state road, commonly called Sharon road, crosses the Pittsburg and Lake Erie Railroad, in Beaver county, Pennsylvania, and the western terminus at or near a point on the Ohio river about 500 feet south of the residence of John Moore, in Borough township, in said county and state, the length of said road being 3.15 miles, intersecting the Cleveland & Pittsburg division of the Pennsylvania company's lines, through Borough township, the borough of Beaver and the borough of Bridgewater, to a point in the borough last named, and intersecting the Pittsburg and Lake Erie division of the New York Central lines, all in the county of Beaver.

3. That at the time, and for some time prior to the incorporation of the defendant company, and the location of its railroad on Fifth street, said street was 100 feet wide between property lines; that the roadbed of said street was forty feet wide between curb lines, the space between the said curb lines and the property lines being used partly for sidewalks and partly as a grass plot, and the sidewalks, where any were laid,

being eight feet wide, laid next the curb, thus leaving twenty-two feet of an intervening grass plot.

4. That on September 15, 1899, the town council of the borough of Beaver passed an ordinance authorizing the construction of the railroad of the defendant company upon and along Fifth street, in said borough, in the center and at the grade thereof, placed certain burdens upon said defendant, and provided, inter alia, that cars of said railroad company should not be allowed to unnecessarily stand on said track, said ordinance having been approved by the burgess of said borough on September 15, 1899, and accepted by the defendant company on September 20, 1899.

5. That the defendant company, in pursuance of its charter and said ordinance, had located, constructed, and was, at the time of the filing of the bill in this case, operating its railroad along and upon Fifth street, in the borough of Beaver, from the western line of Buffalo street to the eastern line of said borough, at or near Leopard lane, all within the borough of Beaver, the total length of said railroad being 3.15 miles, and of which 4,368 feet is located on said Fifth street.

6. That in the operation of said railroad the defendant company has no fixed schedule for the running of its trains, nor does it run any passenger trains thereon; its business being confined to the carrying of freight and merchandise, and it has but one locomotive for the movement of its trains.

7. That said company has no freight depot or other place within said borough for the receipt and discharge of freight and merchandise to and from its cars, but had for some time prior to and up to the filing of this bill in this case been receiving and discharging freight and merchandise at such points along said Fifth street as were most convenient to said company and its patrons; that in pursuance of a bill filed by the plaintiff in this case, on November 24, 1905, a preliminary injunction was granted enjoining and restraining the defendant company, its officers, employees and workmen, from allowing cars to stand on its track, and the loading or unloading of freight or merchandise from its cars on said track, in, upon and along Fifth street, which preliminary injunction was made perpetual by an opinion filed by the court on May 29, 1906, thus permanently enjoining the defendant company from receiving

or discharging freight or merchandise to and from its cars at any point along that part of its railroad located upon Fifth street, in said borough of Beaver.

8. That Cook & Anderson are residents of the said borough of Beaver, and the owners of a piece or parcel of land having a frontage of 260 feet on the southerly side of said Fifth street, the eastern boundary of which is 100 feet west of the westerly line of Elk street, and about 1,730 feet west of the westerly line of Sharon road.

9. That the said firm of Cook & Anderson are engaged in the business of general contracting, and have erected on said land an office and other buildings and sheds used in the prosecution of their business, and handle large quantities of lumber, brick, plaster, hardware and other building materials, amounting in the aggregate to something like 100 or 150 car loads per year.

10. That some time during the year 1903, and again in September of 1904, Fred. H. Cook, of the firm of Cook & Anderson, appeared before the council of the borough of Beaver and asked for permission to put in a switch leading from the main line of the defendant's railroad to their place of business located on the south side of Fifth street; that the council of said borough laid said request on the table, and, as far as the testimony in this case shows, no further action has been taken thereon.

11. That after the granting of the preliminary injunction restraining the defendant company from loading and unloading its cars upon that part of its track located in and upon Fifth street, in said borough, and before the final determination thereof, the defendant company, on February 26, 1906, by and with the consent of said firm of Cook & Anderson, began making the necessary excavations preparatory to constructing a switch from its main line to the lot or premises of said firm, for the purpose of enabling the defendant company to receive and deliver freight and merchandise from and to said firm.

12. That the switch or turn-out leading from the main line of the defendant's railroad on Fifth street to the property of Cook & Anderson, located on the south side thereof, is necessary for the proper and convenient operation of said railroad

in the receipt and delivery of freight from and to the said firm, and said business cannot be reasonably handled in any other manner.

13. That if said switch is laid at grade from the main line of the defendant's railroad into the property of Cook & Anderson, as proposed by the defendant company and averred in its answer, it will not be an unreasonable obstruction to public travel along said Fifth street.

#### CONCLUSIONS OF LAW.

1. The letters patent of the Beaver Valley Railroad Company, in connection with the ordinance passed by the council of the borough of Beaver on September 15, 1899, and accepted, in writing, by the defendant company on September 20, 1899, vested in said company the right to construct, maintain and operate a railroad in, upon and along Fifth street in the borough of Beaver.

2. The right to construct, maintain and operate a railroad in, upon and along Fifth street in the borough of Beaver, vested in the defendant company by its charter and said ordinance of the borough of Beaver, carried with it the right to construct, maintain and operate such turn-outs, switches, sidings and other appendages as are reasonably necessary for the convenient operation of said railroad.

3. When permission was granted by the borough of Beaver to the defendant company to lay and construct its railroad in, upon and along Fifth street, by the ordinance approved September 15, 1899, the right to construct, maintain and operate such turn-outs and switches as are reasonably necessary to accommodate the business establishments along said Fifth street was necessarily implied.

4. That the preliminary injunction heretofore granted should be dissolved and the bill dismissed at the costs of the plaintiff.

*Error assigned* was decree of the court dismissing the bill.

*William A. McConnel,* with him *John B. McClure,* for appellant.

*James L. Hogan,* with him *John M. Buchanan,* for appellee.

OPINION BY MR. JUSTICE STEWART, April 1, 1907:

The Beaver Valley Railroad Company, organized under the Act of April 4, 1868, P. L. 62 and its several supplements, in the exercise of its corporate rights and privileges, constructed, and has been operating for several years past, a line of railroad in the county of Beaver, between three and four miles in length, connecting the Pittsburg and Lake Erie Railroad with the Cleveland and Pittsburg Railroad. With respect to the termini of the road, the borough of Beaver is intermediate. By and with the consent of the municipal authorities, expressed in an ordinance passed September 15, 1899, the railroad company constructed its main track upon Fifth street in the borough of Beaver longitudinally for a distance of 4,368 feet. In the early part of the present year the company, for greater convenience in receipt and delivery of freight at that point, began the construction of a switch and siding, from its main line on said Fifth street, to the warehouse and yards of Cook & Anderson, situate on the south side of said street. Thereupon the borough of Beaver filed its bill alleging that the company, in attempting to construct such siding, was acting without authority of law, and praying that it be restrained. The appeal is from the decree dismissing the bill after final hearing.

The question so earnestly pressed upon our attention in the argument, as to the right of the railroad company under its charter to construct and maintain a track upon the public street, even with municipal consent, is not raised by any assignment of error; nor could it be. Since it was not brought to the attention of the court below, the settled rules of practice forbid its consideration here. An exception cannot be urged in the appellate court on different grounds than those taken in the court below. The right of the railroad company to maintain its tracks on Fifth street was conceded in the court below, and for present purposes must be conceded here. The only question then before us is, has the company the right to construct the proposed switch and siding from its established main line upon the public street for the purpose indicated? The 13th finding of fact by the court below was as follows: " If said switch is laid at grade from the main line of defendant's railroad to the property of Cook & Anderson, as proposed by

the defendant company, and averred in its answer, it will not be an unreasonable obstruction to public travel along said Fifth street." No attempt was made to controvert this finding. In view of the fact that Fifth street is 100 feet wide this is not surprising. This is not then the case of a railroad company attempting, for its own convenience, and under no compelling condition, to appropriate with the consent of the borough, an entire street, thereby diverting it from its original use and purpose, and defeating public enjoyment of the same. The use of the switch and siding would be consistent with the continued use of the street as a public thoroughfare. Under such circumstances the right of the company in the premises is not open to question. The right to build the switch and siding is included as a necessary incident in the right to build a railroad. So much we have repeatedly asserted. In Cleveland and Pittsburg R. R. Company v. Speer, 56 Pa. 325, we said that even where there is no expressed power in the charter to construct switches, it is clearly to be inferred from the general power conferred, and the essential purposes of the grant. In Getz's Appeal, 10 W. N. C. 453, and in a number of other cases, we have said the same thing. To what extent this right may be exercised where the continued maintenance of the street as a public thoroughfare is involved, is a question not raised in this proceeding. It is enough to know that in the present case no such interference is contemplated or would result.

The appeal is dismissed at the costs of the appellants.

MITCHELL, C. J., BROWN and MESTREZAT, JJ., dissent.