# Rotograph Company *v.* Cressman, Appellant.

*Appeals—Question raised for first time—Contract—Set-off.*

On an appeal from a judgment in an action for goods sold and delivered, the appellant cannot in the appellate court raise for the first time, the question whether the contract was an entire one or not.

*Contract—Sale—Damages.*

Where the vendor of postal cards contracts to deliver his entire stock of a particular kind of cards, but delivers only part thereof, the vendee

in an action against him for the cards delivered, cannot set off a claim for the damages for the profits not made on those not delivered, where there is no proof of the quantity of cards which could have been sold, or the terms upon which they could have been sold, and it appears that even a larger quantity were obtained in the market, and that these sufficed for the demand.

Argued Dec. 11, 1908. Appeal, No. 218, Oct. T., 1908, by defendants, from judgment of C. P. Lehigh Co., April T., 1908, No. 76, on verdict for plaintiff in case of The Rotograph Company v. Hattie Shafer Cressman, executrix of J. Alfred Shafer, now or late trading as Shafer's Book Store. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before TREXLER, P. J.

The facts appear by the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $306.14. Defendants appealed.

*Errors assigned* were (1, 2) the rulings on evidence, quoted in the opinion of the Superior Court, and (3) binding instructions for plaintiff.

*George M. Lutz,* for appellant.—We contend that this was an entire contract and that under the former of these two questions the plaintiff could not recover until he had fully complied with the terms thereof: Kelley Brick Co. v. Clay Product Supply Co., 32 Pa. Superior Ct. 408; Fisher v. Mershon, 9 Pa. Superior Ct. 238; Martin v. Fridenberg, 169 Pa. 447; Hartman v. Meighan, 171 Pa. 46.

The Supreme Court of this state has repeatedly held that profits or advantages which are the direct and immediate fruits of the contract entered into between the parties are a part and parcel of the contract itself, entering into and constituting a portion of its very elements; something stipulated for, the right to the enjoyment of which is just as clear and

plain as the fulfillment of any other stipulation: Puritan Coke Co. v. Clark, 204 Pa. 556; Wilson v. Wernwag, 217 Pa. 82; Singer Mfg. Co. v. Christian, 211 Pa. 534; Imperial Coal Co. v. Port Royal Coal Co., 138 Pa. 45; Pennypacker v. Jones, 106 Pa. 237; Hoy v. Gronoble, 34 Pa. 9; Adams Express Co. v. Egbert, 36 Pa. 360; Pittsburg Gauge Co. v. Ashton Valve Co., 184 Pa. 36.

*Frank Jacobs*, for appellees.—It is submitted that the appellant cannot on this appeal raise for the first time the question as to whether the contract was an entire one: Bank v. Thomas, 220 Pa. 360; Martin v. Stong, 35 Pa. Superior Ct. 635; Beaver Borough v. Beaver Valley R. R. Co., 217 Pa. 280.

The measure of damages is the difference between the contract price and the price at which the defendant obtained the cards to fill the orders intended to have been filled by the goods which it is alleged that plaintiff agreed to deliver: Roberts & Co. v. Andrews & Co., 15 Pa. Superior Ct. 305; Theiss v. Weiss, 166 Pa. 9; Arnold v. Blabon, 147 Pa. 372; Morris v. Supplee, 208 Pa. 253; Kinports v. Breon, 193 Pa. 309.

OPINION BY BEAVER, J., October 11, 1909:

The plaintiff recovered in the court below for certain postal cards sold and delivered to the defendant.

The defendant admitted in her affidavit of defense: "That the merchandise alleged in the plaintiff's statement to have been received was received by the defendant at the request of the said defendant, the Shafer Book Store at Allentown on or about the dates mentioned in the plaintiff's statement, and that the copies of the items of the books of original entries and the prices affixed thereto as appears on the copy attached to the plaintiff's statement are true and correct."

The defense set forth in the affidavit of defense was a set-off against the amount claimed by the plaintiff's statement by a loss of profits on certain postal cards sold by the plaintiff to the defendant, which were not delivered, and also for a violation of its contract with the defendant not to sell to any other person

in Allentown similar view cards, and also to make J. Alfred Shafer, for whom the defendant is executrix, sole agent in the city of Allentown for the purpose of selling its product for a period of one year. The allegations as to this agency and sale to other parties subsequent to the date of the sale to the defendant's testator were, as the court properly said in its opinion upon a motion for a new trial, after referring to the set-off claimed by the defendant by reason of the nondelivery of a certain portion of the cards ordered, "There were other matters of defense, but as to them, on the trial, the proof failed."

The offer of sale by the plaintiff to the defendant included some 45,000 picture cards which the plaintiff alleged had been, or were being, manufactured for it in Germany and were to be delivered when they were received. There is no proof, however, that they ever were received by the plaintiff.

The court below rejected the offers of evidence of the defendant of prospective profits in the sale of the cards which they did not receive as a set-off to the price or value of the cards which they did receive.

The assignments of error are three in number. The first two relate to the rejection of the offers of testimony and the third to the instructions to the jury "to bring in a verdict in favor of the plaintiff in the sum of $306.14."

In the argument of the appellant, it is claimed that the contract between the plaintiff and defendant was but partially executed and that, inasmuch as it was an entire contract, the plaintiff cannot recover for a portion of the goods embraced in the contract. This position, however, was not taken in the court below. Neither in the affidavit of defense nor in the trial was this question referred to. And even if it had been, there seems to be, in the proposition of the plaintiff, a distinction between the cards on hand and those to be received later "coming in," and, inasmuch as it is not shown in any way that the cards said to be "coming in" were ever received, it seems to us that there may have been a clear distinction between those on hand and those to be subsequently received, which would have negatived the idea of an entire contract. However, inasmuch as this question was not raised in the court below at the trial,

we do not consider it necessary to pass upon it. This is so well settled that it is scarcely necessary to cite authorities therefor. One of the very late ones, however, is found in Beaver Borough v. Beaver Valley R. R. Co., 217 Pa. 280, in which it is said, referring to a question earnestly pressed on the argument, but not embraced in any assignment of error, "Since it was not brought to the attention of the court below, the settled rules of practice forbid its consideration here. An exception cannot be urged in the appellate court on different grounds than those taken in the court below."

The testimony shows that, although there was a demand on the part of the customers of the defendant for the cards agreed to be purchased from the plaintiff which were not furnished, that demand was met by a subsequent purchase by the defendant in the market of a very much larger number of cards than were to be furnished by the plaintiff. Instead of paying a larger sum for the cards purchased in the market, however, the defendant paid a much lower price, alleging that the cards purchased were not equal in quality to those agreed to be delivered by the plaintiff, but the difference in value is not stated, so that, even if the question of profits upon the prospective sales of the cards not delivered had been put in such positive shape as to be competent evidence, we do not think the testimony taken, as a whole, could have been submitted to the jury, so as to enable them to reach any definite conclusion as to the loss, if any, sustained by the defendant.

The offers of the defendant were very much of the same character, the second being rather more in detail than the first and being as follows: "I propose to prove by the witness that they had bought these cards from the Rotograph Company, and, if the Rotograph Company had delivered all the cards that they had sold, and lived up to the contract, that the Shafer Book Store could and would have had a profit of $1.05 on each 100 cards so sold at retail and a profit of $2.50 on each 1,000 cards sold at wholesale. That about twenty-five per cent of these cards were sold at wholesale and the balance—seventy-five per cent—were sold at retail." There was no offer to prove, however, that the demand for sales at wholesale and retail would

have continued relatively the same. At the time the offers were made we think they were properly rejected by the court first, because of their indefinite character, and, secondly, because they were not accompanied by the offer to prove that the defendant was unable to buy the cards which the plaintiff failed to deliver in the open market. This failure we think was fatal to the offers, because, as shown later in the testimony, the defendant actually did purchase 140,000 cards from other parties which, so far as the testimony shows, met the demands of the market, and were much greater in number than those which the plaintiff failed to deliver.

As stated in Kinports v. Breon, 193 Pa. 309, the general rule as to the measure of damages in such a case as the present is laid down as follows: "The measure of damages for the failure to deliver personal property sold is generally the difference between the contract price and the market price at the time of the breach: Fessler v. Love, 48 Pa. 407; McHose v. Fulmer, 73 Pa. 365; Arnold v. Blabon, 147 Pa. 372; Theiss v. Weiss, 166 Pa. 9. A different rule may be adopted where it appears from the terms of the contract or from the proof of circumstances that this measure would be inadequate or impossible of application." See also Roberts & Co. v. Andrews Co., 15 Pa. Superior Ct. 305. "In actions for damages for breach of a contract, while it is not ordinarily necessary to prove the exact amount of loss to an absolute certainty, yet whenever substantial damages are claimed, their amount is the subject of proof and must be shown with reasonable certainty; and evidence, to be sufficient to authorize a recovery, must furnish some criterion or data whereby the jury may make rational deductions and calculations to determine the amount without danger of gross injustice or reliance on their own speculations or conjecture of the probable loss sustained:" 13 Cyc. 214.

The rejection of the defendant's offer did no harm for the reason that, if everything offered had been received in evidence, we cannot see how the testimony could have influenced the result, because the court would have been obliged to say at the end of the defendant's testimony that no reliable data had been furnished from which the jury could have estimated the prof-

its to be derived from the sale of the cards which were not furnished by the plaintiff, and, in view of the fact that other cards had been purchased, there was not sufficient evidence to enable the jury to reach a reasonable and well-grounded conclusion as to the difference in value between the cards which the plaintiff failed to deliver and those purchased in the market to take their place.

Considering the whole case as presented, the opinion of the court below, in discharging the motion for a new trial, properly, as we view it, laid down the reasons for a refusal of the motion.

Judgment affirmed.