# First National Bank v. Colonial Hotel Company, Appellant.

*Corporations—Treasurer—Power to sign commercial paper—By-laws —Evidence.*

1. If the directors of a corporation acquiesce in the acts of its treasurer in executing or indorsing commercial paper while holding himself out to the public as having authority so to do, they thereby constitute him the general agent of the corporation to make such indorsement; and when the treasurer is thus made its general agent for such purpose, the corporation will be bound, though the indorsee had no knowledge of any previous indorsement.

2. In an action against a corporation on a promissory note signed by the treasurer of the company, the burden is upon the plaintiff to show the authority of the treasurer to sign the note on behalf of the company. If the by-laws neither authorize nor forbid the treasurer to sign commercial paper, the plaintiff may offer testimony to show his authority, to the effect that the treasurer was a director of the company, owned three-fourths of its stock, was manager of a hotel

operated by the company, kept the account of the corporation in bank in his name as treasurer, signed checks in his name as treasurer, had previously signed notes for the company, including one to the plaintiff, all of which had been honored and paid, where there was nothing to show that the company did not receive the proceeds of the note, except the failure of the books of the company to show that it did.

Argued Oct. 18, 1909. Appeal, No. 12, Oct. T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 88, on verdict for plaintiff in case of First National Bank of Pittsburg v. Colonial Hotel Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note. Before CARNAHAN, J. The note in suit was as follows:

"$4,316.78                 PITTSBURG, PA., Apr. 22, 1907.
"Thirty days after date we promise to pay to the order of Union Potteries Company Forty-three hundred sixteen seventy-eight Dollars at 2126 Farmers Bank Bldg., Pittsburg, Pa.
" Without defalcation, for value received.
                         "THE COLONIAL HOTEL CO.,
                                "F. C. Smith, Treas.
"No............Due May 22–07.
                         "UNION POTTERIES CO.,
                                "F. W. FOWLER,
                                        "President.
"Paid $\%_c$ within note May 27–07, One thousand Dollars."

At the trial the court admitted under objection and exception the note in suit, also proof that F. C. Smith was a director of the company defendant, owned three-fourths of its stock, and had signed various notes of the company which had been paid [1–4].

Defendant presented the following points:

1. That under all the evidence in the case, the verdict must be for the defendant. *Answer:* That point is refused, because

we have submitted to you the question of authority on the part of the treasurer. [8]

2. That the jury must find a verdict for the defendant, because the plaintiff has shown no authority on the part of the treasurer of the defendant company to execute the note sued upon, nor any value received by said defendant corporation, by reason of such note. *Answer:* That point is refused, because I have already said the question of authority is for the jury. [9]

4. The jury is instructed that before the plaintiff can recover in this case, it must show that before it acquired the note sued upon, it had knowledge of the making and signing by Smith, as treasurer of the defendant company, of the two notes at the Diamond National Bank. *Answer:* That point is refused. The question is, Did he have authority?—not whether that knowledge was brought home to the plaintiff company, but, did he or did he not have such authority? [10]

Verdict and judgment for plaintiff for $3,512.39. Defendant appealed.

*Errors assigned* among others were (1–4) rulings on evidence, quoting the bill of exceptions, and (8–10) above instructions, quoting them.

*Eugene Mackey,* with him *Cornelius D. Scully,* for appellant.—The treasurer of a corporation is charged only with the duty of receiving and caring for its funds; the office does not carry with it the implied power of incurring indebtedness or executing notes for the corporation. · If the treasurer attempts any such power, the burden is upon him who claims through such notes to prove express authority from the directors of the corporation for him so to do: Clark & Marshall on Corporations, sec. 793; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Worthington v. Ry. Co., 10 Pa. Superior Ct. 117; Worthington v. Ry. Co., 195 Pa. 211.

*M. W. Acheson, Jr.,* of *Patterson, Sterrett & Acheson,* for appellee.—Only where there is a by-law forbidding the cor-

porate officer to sign his company's name to corporate commercial paper is the holder restricted to proof of a prior course of dealing between himself and the corporation.

Accordingly, Smith's authority to make notes for his company was proved by satisfactory evidence which was uncontradicted.

The plaintiff's evidence was competent and ample: Culver v. Ice Co., 206 Pa. 481; Mining Co. v. Bank, 104 U. S. 192; Valentine v. Packer, 5 Pa. 333; Com. to use v. R. R. Co., 1 Grant, 329; Patterson v. VanLoon, 186 Pa. 367.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1910:

This is an action of assumpsit brought by the holder against the maker of a promissory note. The note was dated April 22, 1907, payable thirty days after date to the order of Union Potteries Company and signed: "The Colonial Hotel Co., F. C. Smith, Treas." It was indorsed by the Union Potteries Company, and before maturity and for a valuable consideration was duly discounted in the ordinary course of business by the plaintiff bank, the present holder thereof.

On the trial of the cause, the defendant resisted a recovery on the ground that F. C. Smith had no authority to make the note, and that therefore it was not the note of the defendant corporation. This is the principal defense and the only one we need consider on this appeal. The learned court below submitted the question to the jury under a fair and adequate charge and a verdict was returned in favor of the plaintiff. Judgment having been entered on the verdict, the defendant has taken this appeal.

In the very recent edition of Thompson on Corporations it is said (vol. 2, sec. 1564): " If the directors of a corporation acquiesce in the acts of its treasurer in executing or indorsing commercial paper, while holding himself out to the public as having authority so to do, they thereby constitute him the general agent of the corporation to make such indorsement; and when the treasurer is thus made its general agent for such purpose, the corporation will be bound, though the indorsee had no knowledge of any previous indorsement." The ground

on which a business corporation is held liable on commercial paper made or indorsed by its treasurer in the absence of express authority conferred on him is stated by BIGELOW, C. J., in delivering the opinion of the supreme judicial court of Massachusetts in Lester v. Webb, 83 Mass. 34, as follows (p. 36): "The rule is well settled that if a corporation permit their treasurer to act as their general fiscal agent, and hold him out to the public as having the general authority implied from his official name and character, and by their silence and acquiescence suffer him to draw and accept drafts, and to indorse notes payable to the corporation, they are bound by his acts done within the scope of such implied authority."

The defendant company denies that Smith as treasurer had express or implied authority to make the note in suit. It is contended that the by-laws of the corporation define the powers and duties of the treasurer of the company, and that they confer no authority upon the treasurer to execute or indorse commercial paper. It is further claimed that Smith had no implied power by virtue of his office to execute the note; and that the plaintiff or the payee of the note had no prior course of dealing with Smith which would justify any implication that he had authority to execute and deliver the note.

Plaintiff concedes that Smith had no power by virtue of his office to bind the company by the execution of commercial paper, but contends that the evidence shows he was empowered to execute notes for the company; that it is only where there is a by-law forbidding the corporate officer to sign the company's name to commercial paper or the authority is vested by a by-law in another officer that the holder is restricted to proof of a prior course of dealing between himself and the corporation; and that in this case there being no by-law delegating the authority to any officer to execute notes for the company or denying Smith's power to exercise such authority, whether he had such authority or not was a fact to be proved to the satisfaction of the jury, and if so proved made the defendant liable on the note.

The Act of May 14, 1891, P. L. 61, amending sec. 5 of the general corporation Act of April 29, 1874, P. L. 73, which con-

ferred a like power, authorizes corporations to enact by-laws which shall prescribe "the powers and duties of its officials." The defendant corporation enacted certain by-laws prior to the negotiation of the note sued on, but they delegated to no officer the authority to make, indorse, or negotiate commercial paper. Nor did they prohibit the treasurer of the corporation from acting for it in dealing with commercial paper. We are, therefore, not called upon to determine what the liability of the company for Smith's action would be if a by-law of the company had denied his authority to borrow money and execute notes therefor, or had conferred such authority upon another official of the company. In the cases relied on by the appellant, the by-laws expressly deprived the officer of the authority to act for the corporation.

The defendant corporation having under its charter the power to borrow money, it necessarily had the authority to give an obligation therefor. The authority must have been vested in some official of the company. Who was he, and how would the payee of the note have obtained this information and the extent of the officer's authority? He could not get it from the by-laws, nor would he have been justified in accepting the unofficial declaration of any of the directors as to the proper officer to execute the paper. It necessarily follows that as the by-laws were silent as to what officer of the company was authorized to execute a note for the corporation, it became a question of fact, and the burden was upon the plaintiff bank, before it could sustain its action, to show that Smith, the treasurer, possessed the authority to make the note in suit. It assumed the burden, and introduced evidence to sustain it. From the evidence the jury was justified in finding that the defendant was operating a hotel in the city of Pittsburg; that the note in suit was made on April 22, 1907; that Smith was the treasurer of the corporation from its organization in 1903 till May, 1907; that during the same time he was a member of the board of directors of the company, and was the owner of 4,660 of the 6,420 shares of stock; that he was the manager of the hotel; that the company's account was kept at the Diamond National Bank of the city of Pittsburg from

June 2, 1905, to May 1, 1907, was in charge of Smith, and stood on the bank's books: "Colonial Hotel Company, F. C. Smith, Treasurer," a duplicate of the signature to the note in suit; that checks on the bank account were signed in the same way; and that in 1905 and 1906 other notes were signed by Smith in the same way and were discounted at the Diamond National Bank. Some of the notes were renewed and all of them were honored and paid. The evidence also disclosed the fact that on May 1, 1907, shortly after the plaintiff had received the second note, and Smith had resigned and Dickson had been elected treasurer, the secretary of the defendant company transmitted to the Diamond National Bank the following resolution passed by its board of directors: "On motion duly made, seconded and unanimously carried, it was agreed hereafter that all notes must be duly signed by the treasurer and attested by the secretary and all bills must be approved by him and all checks and vouchers countersigned by both secretary and treasurer." In view of the other facts recited above, this is substantially a declaration that prior to the adoption of the resolution the treasurer was himself authorized to perform these duties for the company.

The defendant company introduced no evidence to meet the plaintiff's case. No director or other officer took the witness stand to deny the authority of Smith, as the agent of the company, to conduct its affairs or to execute commercial paper in its name. It did not attempt to show that the proceeds of this note were applied to Smith's personal use, and the only evidence that the company did not receive the proceeds of the note is the failure of the books of the corporation to show that it did. This is not conclusive evidence of the fact. As suggested by the learned counsel of the appellee, Smith was the manager of the hotel and the note might have been given to the potteries company for china or other wares used in the hotel without the transaction being entered on the company's books.

We think it was entirely competent for the plaintiff to show that Smith was the company's agent for executing commercial paper; and that the evidence submitted was sufficient to justify the jury in finding, not only that fact, but that he

was the general agent of the company with authority to transact any of its business affairs.   Smith owned three-fourths of the stock of the company which was organized for the purpose of operating a hotel, was the manager of the hotel, and executed and delivered the only other notes given by the corporation and they were honored and paid.   He was not only treasurer but also a director of the company.   These and other facts alluded to above were known, or presumed to be known, by the board of directors, Mining Co. v. Anglo-Californian Bank, 104 U. S. 192, and their silence and acquiescence in Smith's conduct must be accepted as their approval of it.   It is the duty of the board of directors of a corporation to manage its affairs, and in the absence of anything being shown to the contrary, it will be presumed that they did so.   It was for the jury to determine under the evidence submitted, whether in executing the note in suit Smith acted in pursuance of authority conferred by the directors: Com. v. Ohio & Pennsylvania R. R. Co., 1 Grant, 329.

The plaintiff is not relying upon a prior course of conduct between it and the treasurer of the company to hold the defendant liable on the note in suit.   One other note in addition to the note in suit is the only paper of the corporation the plaintiff ever had.   It therefore cannot rely upon any previous course of conduct to create an estoppel and sustain its action; but, as we have said, it rests its case upon the fact, which it alleges it has shown, that treasurer Smith was duly empowered by the corporation to make the note.   As evidence of this authority, the plaintiff had the right to introduce evidence to show that Smith had executed other notes in the same way which had been duly honored and paid by the corporation.   Likewise the other evidence offered by the plaintiff to show Smith's relation to the company, the duties he performed, and the authority he assumed with the permission of the directors was competent and properly admitted.

The assignments of error are overruled and the judgment is affirmed.