## Medoff *v.* Effenberg, Appellant.

*Appeals—Assignments of error—Evidence—Charge.*

1. An assignment of error violates Rule XVI, which charges that the trial judge erred "in admitting evidence in the nature of a quantum meruit," etc., without quoting the evidence.

2. An assignment of error violates Rule XV, which merely paraphrases a part of the charge without setting forth the portion of the charge complained of ipsissimis verbis.

*Contract—Architect's services—Quantum meruit—Entire contract.*

3. In an action by an architect to recover for services where the statement of claim is for a percentage on the entire cost of the construction of the building, but at the trial the plaintiff proves a wrongful discharge, and claims merely for services actually performed, and the defendant makes no objection, the latter cannot after a trial on the merits, and a verdict for plaintiff based on a quantum meruit, object, on appeal, that the contract was an entire contract, and that plaintiff was not entitled to recover on a quantum meruit.

Argued Oct. 20, 1914. Appeal, No. 49, Oct. T., 1914, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1912, No. 1,931, on verdict for plaintiff in case of Barnett J. Medoff v. Louis Effenberg and Abraham Korobov, trading as Diamond Knitting Mills. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit by an architect for compensation for services. Before AUDENRIED, J.

From the record it appeared that plaintiff in his statement of claim sought to recover the sum of two and one-half per cent on $22,000, the cost of the erection of a building.

At the trial plaintiff offered evidence tending to show that he was wrongfully discharged before the completion of the work, and that he was entitled to recover two-thirds of the percentages for which the suit was brought. The defendants made no objection to the plaintiff's

method of proof, and the jury returned a verdict for plaintiff for $388.67, on which judgment was entered. Defendants appealed.

*Errors assigned* were in the following form:

1. The learned trial judge erred in admitting evidence in the nature of a quantum meruit as to the value of the plaintiff's services up to the time of the alleged breach on the part of the defendants, when the action was in assumpsit for the entire contract price and for the entire work.

2. The learned trial judge erred in instructing the jury that they could estimate the value of the plaintiff's services up till the time he was discharged by the defendants on the basis that this work was two-thirds of the entire contract, and also in instructing the jury that they could fix the value of the plaintiff's actual services by the contract rate for the entire work.

*Louis Bernstine*, with him *Joseph A. Richman*, for appellant.—The contract was entire and indivisible: Mc-Keefry v. U. S. Radiator Co., 31 Pa. Superior Ct. 263; Kelly Brick Co. v. Clay Product Supply Co., 32 Pa. Superior Ct. 408; Eller v. Cambridge Springs Co., 18 Pa. Superior Ct. 44.

Evidence in the nature of a quantum meruit is inadmissible where the cause of action is based upon an express contract, and for the entire consideration thereof: Eckel v. Murphey, 15 Pa. 488; Wilson v. Reighard, 230 Pa. 141; Clymer Jones Co. v. U. S. F. B. Co., 48 Pa. Superior Ct. 636; Brown v. Foster, 51 Pa. 165.

*Bernard Pockrass*, for appellee.—Where complete performance of a contract of employment is prevented by an unlawful discharge, recovery can only be had of damages for the breach and not of the wages for the remainder of the term: Nixon v. Myers, 141 Pa. 477; Rogers v. Davidson, 142 Pa. 436; Brown v. Foster, 51 Pa. 165.

OPINION BY TREXLER, J., February 24, 1915:·

There are but two assignments of error and they are directed to the alleged error of the court in allowing the plaintiff to recover a quantum meruit for his services.

The first assignment is as to the admission of evidence and offends against our Rule XVI which provides, "When the error assigned is to the admission or rejection of evidence, the specification must quote the questions or offers, the ruling of the court thereon, and the evidence admitted or rejected, together with a reference to the page of the paper-book or appendix where the. matter may be found in its regular order in the printed evidence or notes of trial."

The second assignment is as to error in the charge of the court in that he instructed the jury that they could estimate the value of plaintiff's services in a sum less than the amount called for by the contract. In respect to this assignment we observe that there was no exception taken to the charge of the court and that the assignment of error offends against Rule XV which provides, "When the error assigned is to the charge of the court, or to answers to points, the part of the charge or the points and answers referred to must be quoted ipsissimis verbis in the specification, and the parts of the charge assigned as error shall be inclosed in brackets in the printed charge, with the number of the assignment noted."

The only complaint of the appellant is that the plaintiff received a part of the contract price, while his statement of claim is for compensation as an architect for preparing plans for a factory building, at the rate of two and one-half per cent on $22,000, the entire cost of the construction of the building. He was discharged by defendants without cause before he had completed his contract and at the trial claimed that the work which he had done in compliance with the contract up to the time of his discharge was two-thirds of the services required under the entire contract. His testimony

in this respect was admitted without objection and the court in his charge adopted the theory which was apparently agreeable to both parties to the contest, that he could recover for the services actually performed. No point as to the plaintiff not being able to recover on a quantum meruit was raised at the trial.

It is too late on this appeal to raise for the first time the question as to whether the contract was an entire one: National Bank of Chester County v. Thomas, 220 Pa. 360; Martin v. Stong, 35 Pa. Superior Ct. 635; Beaver Borough v. Beaver Valley R. R. Co., 217 Pa. 280; Rotograph Co. v. Cressman, 41 Pa. Superior Ct. 14.

The defendant by allowing the plaintiff to submit his proofs without objection as to the amount that was due him for the part of the contract performed must be deemed to have acquiesced in the method in which the case was presented, especially in that at no time during the trial, as stated before, it raised any question as to the method of proof. If it had raised objection we might presume, had the court sustained the objection to the admission of testimony, the plaintiff might have been able to submit testimony not open to the same objection.

The assignments of error are overruled and the judgment is affirmed.