## Righter *v.* Guenther Lumber Co., Appellant.

*Master and servant—Damages—Appeals—Raising question for first time in appellate court.*

In an action by an employee against his employer to recover for services rendered, where it appears that under the contract of employment plaintiff was entitled to draw fifty dollars per week "for traveling and living expenses" until his profits accumulated, and the case was tried without objection by the defendant on the theory that the provision as to advances was a guaranty as to a minimum sum to be paid to plaintiff, the defendant cannot in the appellate court for the first time claim that such provision was not guaranty.

Argued Dec. 15, 1915. Appeal, No. 317, Oct. T., 1915, by defendant, from judgment of Municipal Ct., Sept. T., 1914, No. 64, on verdict for plaintiff in case of Frederick C. Righter v. Guenther Lumber Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

114 RIGHTER *v.* GUENTHER LUMBER CO., Appellant.

Assignment of Error—Opinion of the Court. [63 Pa. Superior Ct.

Assumpsit for salary.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $177.30. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Samuel L. Howell,* with him *John Weaver,* for appellant.—The principal sometimes guarantees that the agent's contemplated commissions shall amount to a minimum sum in a given period; but an agreement by the principal to advance to the agent, at regular intervals during the term of service, certain sums on account of commissions to be earned does not constitute such a guaranty: Menage v. Rosenthal, 187 Mass. 470; Wilcox v. Baer, 85 Mo. App. 587; Sculer v. McDowell, Etc., & Co., 38 Misc. N. Y. 786 and 78 N. Y. Supp. 836.

*Winfield W. Crawford,* for appellee.

OPINION BY TREXLER, J., May 8, 1916:

The plaintiff wrote a letter to the defendant in which he stated the terms upon which he would enter its employ. He was to take the management of a department of its business and to buy and sell for it. He was to be paid on a commission basis. Plaintiff testified that his offer was accepted and that he entered the employ of the defendant. He was furnished with business cards, advertising samples, and a stock list. He secured some orders and worked for the company for four weeks. He gave the company a list of his customers with some of his stationery, and the correspondence between such customers and the company was carried on through the office of the company and a separate letter box provided by the company in which the replies were deposited. Most of the above facts are denied by the president of the defendant corporation. The jury believed the plain-

tiff's statement and there was ample evidence to warrant a finding in his favor. We fail to see how the court could have given binding instructions in favor of the defendant. There was a question of veracity involved, the decision of which was with the jury.

The only other question is as to the damages allowed to the plaintiff by the jury for the breach of the contract.. In his statement plaintiff fixed his damages in addition to an item of commission on a previous purchase, as follows: four weeks' drawing account at $50.00 per week, $200.00. Under his arrangement with the defendant he was entitled to draw fifty dollars per week "for living expenses and traveling" until his profits accumulated. The defendant now urges that this provision as to advances was not a guarantee as to a minimum sum to be paid to plaintiff, and that such sum does not furnish the measure of damages for the breach of contract of employment. Unfortunately for the defendant, this point was not raised at the trial, nor does it appear that it was put forth as a reason for a new trial. From all that appears on the record, it seems to have been an afterthought. No exception was taken to the charge of the court in which is contained instructions as to the damages claimed by the plaintiff. Since it was not brought to the notice of the trial judge, it cannot be raised here: Beaver Boro. v. Beaver Val. R. R. Co., 217. Pa. 280; Rotograph Co. v. Cressman, 41 Pa. Superior Ct. 14; Walls v. Campbell, 23 W. N. C. 506; Clark v. Millett, 57 Pa. Superior Ct. 287; Pitcairn v. Scully, 252 Pa. 82.

Assignments are all overruled and the judgment is affirmed.