## Levison & Co. *v.* Pine Ridge Coal Co. et al., Appellants.

*Contracts—Agency—Ratification—Acceptance of benefits—Extension of credit.*

Defendant corporations are responsible on a contract executed for them by their agent, an officer in each company, who made the contract pursuant to instructions from the president of both companies, upon whom their by-laws conferred the "general and actual management of the business of the corporation," performance by plaintiff being undisputed. In this case if there was lack of antecedent authority to make the contract, it was subsequently ratified.

Argued October 12, 1922.  Appeal, No. 130, Oct. T., 1922, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1920, No. 4882, on verdict for plaintiff in the case of Benno Levison and Louis C. Levison, copartners trading as Levison & Company, v. Pine Ridge Coal Company, International Coal Corporation, and Howard S. Goodwin.  Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.  Affirmed.

Assumpsit upon a written contract.  Before Audenried, P. J.

The facts are stated in the opinion of the Superior Court.

The trial court directed the jury to find for the plaintiff, and verdict was returned in the sum of $1,400, upon which judgment was subsequently entered.  Defendants appealed.

*Errors assigned* were refused to direct verdict for defendants or to enter judgment non obstante veredicto, refusal of a new trial and various rulings on evidence.

*Robert P. Shick,* for appellants.—The essential elements in the doctrine of ratification by acquiescence, arising from the mere silence or a failure to disaffirm are full knowledge of all the facts, a reasonable time within which the principal must act, relations of the parties as significant in determining conclusions: Sword v. Reform Congregation, 29 Pa. Superior Ct. 626; P. & S. R. R. Co. v. Gazzam, 32 Pa. 340.

The question of ratification is for the jury: P. W. & B. R. R. Co. v. Cowell, 28 Pa. 329; First National Bank v. Hotel Co., 226 Pa. 292.

*Alfred Aarons,* of *Aarons, Weinstein, Goldman & Stone,* for appellee.—It is a well established principle that unless his authority is expressly restricted, the powers of the general manager of a corporation are co-

extensive with those of the corporation itself: Chestnut St. Trust, etc., Co. v. Record Pub. Co., 227 Pa. 235; Spalding v. Bank, 9 Pa. 28.

If a corporation through the officer or body having authority to act for it in the first instance, acquires or is charged with knowledge of an unauthorized act of an agent, and does not repudiate the act within a reasonable time, it will be held to have ratified the act: First National Bank v. Colonial Hotel Co., 226 Pa. 292; McBride v. Paper Co., 263 Pa. 345; Kelsey v. National Bank of Crawford County, 69 Pa. 426.

OPINION BY LINN, J., November 23, 1922:

Appellants are two corporations and an individual. They appeal from judgment on a verdict in a suit to enforce payment of an item of $1,250 claimed on a written contract. In defense, it was urged that the contract had been executed on behalf of the corporate defendants by the individual defendant without authority or subsequent ratification. The evidence of liability was such that the court instructed the jury to find for the plaintiff. Seven assignments of error are presented, three complaining of the refusal to direct a verdict for the defendants or subsequently to grant their motion for judgment n. o. v.; three to the refusal to receive evidence offered; one to the refusal to grant a new trial. We shall not consider the refusal to grant a new trial, as abuse of discretion is not suggested.

Goodwin, the individual defendant, was vice-president of one of the corporate defendants and secretary and treasurer of the other. The corporate defendants owed the plaintiffs $15,000, for which plaintiffs sued in New York; defendants there confessed liability and judgment was about to be docketed pursuant to the New York practice on February 20, 1920. In connection with the same transaction, but in circumstances here immaterial, plaintiffs had sued Goodwin in New York for $2,660 in an action also ripe for docketing judgment on

or shortly after the same date. Prior to that date, the corporate defendants sent Goodwin to New York to plaintiffs to obtain an extension necessary to enable the defendants to do some financing; his negotiations resulted in the contract in suit, whereby, among other things, plaintiffs agreed to postpone docketing their judgments, and suit thereon in Pennsylvania, and to extend the time for payment in consideration of the defendant's paying the amount due and also $1,250 at a time specified. Plaintiffs complied with the contract; defendants did not, and on the $1,250 remaining unpaid, this suit was brought.

At the trial the execution of the contract was conceded, the dispute was whether the corporate defendants were bound. They had enjoyed the benefits conferred, —they obtained time,—and there was ample evidence that Goodwin's acts to obtain the extension were ratified and approved by both principals. The same man was president of both companies; the by-laws provided "he shall have general and actual management of the business of the corporation," among other powers, and he acted accordingly. He authorized Goodwin to go to New York for an extension or renewal of the obligation of the corporations. On the day after the contract was signed, he was informed of it by Goodwin. He then not only did not object to what Goodwin had done, or otherwise disaffirm it, but continued paying the obligation, though not as promptly as agreed, and both corporations enjoyed the benefits of the contract. It was not until May 15th, when the rest of the money had been paid, that he objected to paying the item of $1,250. As there was no dispute about these facts, the court was justified in holding that the corporate defendants ratified what had been done by their officer Goodwin in making the contract: McBride v. Paper Co., 263 Pa. 345, 350; Bank v. Hotel Co., 226 Pa. 292, 299; Chestnut Street Trust Co. v. Publishing Co., 227 Pa. 235, 240; and as no other

question appeared, the instruction to find for the plaintiffs was right.

There was no direct objection to this action of the court; indirectly it was questioned by two requests for a directed verdict for defendants, and their motion for judgment n. o. v. As the execution of the contract and the nonpayment of the $1,250 were admitted and ratification was proved, the court could neither direct a verdict for defendants, nor enter judgment for them n. o. v.

The assignments, complaining that evidence was excluded, might be dismissed as not self-sustaining within our rules, but a search through the record shows they are without merit. In considering the complaint that a witness was not permitted to answer the following: "This note was paid in full by the corporation?" we assume, in the absence of information in the assignment, that by "this note" the parties meant the $15,000 obligation on which judgment had been obtained in the suit in New York already mentioned. We cannot see that payment of that debt after February 20, 1920, destroyed defendant's obligation to pay the $1,250 and appellant's brief suggests nothing in support of it. The other two assignments complain of the exclusion of a record or records of a suit or suits in Court of Common Pleas No. 1 of Philadelphia, one suit being by the present plaintiffs against the two corporate defendants, and the other suit by these plaintiffs against Goodwin. The records in those cases are not printed but from what is said about them, it seems that after judgments were entered in New York respectively against the two corporate appellants and against the individual appellant, Goodwin, appropriate suits were brought in court of common pleas No. 1 to enforce payment, and that these suits were pending when the present case was tried. From what appears, we cannot see that the existence of those suits constitutes any defense to the payment of the $1,250 due in circumstances already stated.

The judgment is affirmed.