## Farmers & Merchants National Bank of Rockwood *v.* Mountain Smokeless Coal Company, Appellant.

*Banks and Banking—Promissory notes—Checking account—Setoff—Evidence.*

In an action on a promissory note for money loaned, the defense set up was that the plaintiff had not properly credited the defendant with certain checks deposited by its superintendent. In reply the

plaintiff produced evidence to show that the proper credits had been made in accordance with the instructions of the superintendent.

*Held* that under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

*Appeals—Errors assigned—Question raised in court below.*

Consideration will not be given to an assignment of error the subject of which was not brought to the attention of the court at the trial.

*Practice C. P.—Appearance d. b. e.—General appearance.*

Where a general appearance has been entered and the parties proceeded to trial in the usual manner, after a motion to strike off the service has been dismissed, any irregularity existing in the service was waived.

Argued April 16, 1925.    Appeal No. 190, April T., 1925, by defendant from judgment of C. P. Somerset County, May T., 1923, No. 214, in the case of Farmers & Merchants National Bank of Rockwood, Penn'a., v. Mountain Smokeless Coal Company, a corporation. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Assumpsit on promissory note.    Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,069.54 and judgment thereon.    Defendant appealed.

*Errors assigned* were the charge of the court. answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*Charles H. Uhl* of *Phl & Ealy,* and with him *Nelson & Nelson,* for appellant.—The service and return of the sheriff were defective: Norwegian Street, 81 Pa. 349; Deisher v. Flannery, 27 C. C. 286; City of Chester v. Phila. & Rel. St. R. Co., 9 Del. 352; Park Bros. & Co. v. Oil City Boiler Wks., 204 Pa. 453; Hawn v. Penna.

Canal Co., 164 Pa. 455; Bailey v. Williamsport & N.
Branch R. Co., 174 Pa. 114.

The action of the bank in the handling of the ac-
counts was irregular and unlawful: Schmitt v. Potter
Title & Trust Co., 61 Pa. Superior Court, 301; Volume
14-A Corpus Juris, 100, section 1868; Germania
Safety-Vault & Trust Co. v. Boynton, 71 Fed. Rep.
797; Interstate Securities Co. v. Third National Bank,
35 Pa. Superior Court, 277; 231 Pa. 422.

*Norman T. Boose,* and with him *Budd B. Boose,*
for appellee.—The general appearance of counsel
amounted to a waiver of any defects in the writ:
Schober v. Mather, 49 Pa. 21; Kennedy v. Erdman,
150 Pa. 527; Wright v. Millikin, 152 Pa. 507; Beaver
Boro. v. Beav. Val. R. R. Co., 217 Pa. 280; National
Bank v. Thomas, 220 Pa. 360; Lindsay v. Dutton, 227
Pa. 213; Martin v. Stong, 35 Pa. Superior Court 635.

The plaintiff was bound by the actions of its avowed
agent: Davis, Director Gen., v. Tank Co., 276 Pa. 71;
Trust Company v. Record Pub. Co., 227 Pa. 235; Hart-
zel v. Ebbvale Mining Co., 239 Pa. 602; Martin v. In-
terstate Lumber Co., 260 Pa. 218; Culver v. Pocono
Spring Water Ice Co., 206 Pa. 481; Empire Impl't
Mfg. Co. v. Hench, 219 Pa. 135.

OPINION BY HENDERSON, J., July 9, 1925:

The defendant, a Pennsylvania corporation engaged
in the mining and sale of coal in Somerset County and
having its office in Beaver County, gave its obligation
to the plaintiff for $1,960 for money borrowed. The
pending action was brought to recover the amount due
on the note. One defense was that the service of the
writ was not effective and should have been set aside.
The first assignment is based on the refusal of
the court to sustain the defendant's motion to that
effect. The application to strike off shows the reason
given was "that the above return is illegal and void,

there being no authority authorizing the sheriff of Somerset County to serve a summons and statement of claim in the County of Beaver; that there is no act of assembly or law giving the sheriff of Somerset County jurisdiction to make such a service; that the domicile of the defendant company is in the County of Beaver.'' The question which the court below considered was that raised by this motion. What the appellant presents for consideration on the appeal is an entirely different question. It is now urged that the writ should have been set aside because the return did not show that a part of the property of the defendant was located in Somerset County. The attention of the trial judge was not brought to that subject; it nowhere appears on the record that the proposition was discussed or presented at the trial. Reliance was evidently placed on the understanding that the sheriff of the county in which the action was brought had no authority to serve the writ on an officer of the company in Beaver County. That position has evidently been abandoned and the other position is now contended for. We think it is too late to present the objection relied on. The general rule is that consideration will not be given to an assignment of error the subject of which was not brought to the attention of the court at the trial: Beaver Boro. v. Beaver Valley R. R. Co., 217 Pa. 280; Lindsay v. Dutton, 227 Pa. 213; National Bank v. Thomas, 220 Pa. 360. Another consideration is to be noted; it is stated in the argument for the appellant that the defendant company by its counsel entered its appearance de bene esse for the purpose of raising the question of the regularity of the service. We are unable to find however by an examination of the record as printed that the appearance was of the character stated. If appearances were entered by the counsel for the respective parties they do not appear in the appellant's copy of the record. We must treat

the case therefore as if a general appearance had been entered, for the parties proceeded to trial in the usual manner after the motion to strike off the service had been dismissed. It must be held on the record presented that by a general appearance and trial, any irregularity existing in the service was waived. The application of the rule is properly enforced on the facts presented for it is shown without question that practically all of the property of the defendant was located and all its mining operations carried on in the county where the action was instituted.

A second defense was introduced in a counterclaim, the defendant alleging that the plaintiff had received the proceeds of certain checks drawn by McCarty, Gilmore & Co., and payable to the defendant, for which the plaintiff had not given the defendant credit. The disputed question was whether this money was credited by the plaintiff to the defendant and used by the latter or its agent for the defendant's purposes? That was clearly a question of fact under the evidence. It appears without contradiction that the defendant for six years or more had been engaged in the mining of coal and in 1920 carried on the operation of making a new opening into its mine. The representative of the company at the mine was Ira W. Logan who was a stockholder and vice-president and for several years up to the time of his death was its superintendent or general manager. During the year 1920 the mine produced under the superintendency of Logan a large quantity of coal much if not all of which was sold to McCarty, Gilmore & Co., and checks were given by them to the amount of more than one hundred and fifty thousand dollars to the superintendent or by his direction to the plaintiff to be credited to the defendant. For some reason not explained and not material in the light of the evidence developed at the trial the account of the defendant in the plaintiff bank was kept in the

name of the "Keystone Smokeless Coal Company." The superintendent checked against this account from year to year and at the closing of the account a very small balance remained in the bank. Logan died in 1923. After his death it was ascertained by the defendant that four checks given by McCarty, Gilmore & Co. in 1920 had not been endorsed by the defendant, but had been delivered to the plaintiff by McCarty, Gilmore & Co. under direction from Logan and credited by the plaintiff to the Keystone Smokeless Coal Company as in the case of the other checks. The appellant contends that because of the absence of such endorsement and because the plaintiff received the proceeds of the checks it is liable to account to the defendant in this action. No attempt was made to show that the plaintiff appropriated any part of the money to its own use. All of the credits to the defendant were made in the bank in the name of the Keystone Smokeless Coal Company, but it is shown by uncontradicted evidence that all of the money so deposited with exception of the small balance was checked out by Logan and applied to the uses of the defendant, or at least presumably so applied, and the authority of the bank to carry the account in the name stated by direction of the defendant's superintendent and to pay it out on his direction, we think cannot be questioned under the evidence. Logan is admitted by the defendant to have been its superintendent or manager in carrying on their business at the mine. An office was maintained at Beaver, but the proceeds of the coal sold were not paid to the treasurer at Beaver. Meetings of the directors were held frequently, but so far as appears no objection was made anywhere to the management of the business in Somerset County by the superintendent. With the knowledge or acquiescence at least of the other officers of the company, Logan managed the whole mining business. No evi-

dence was offered to show that he did not conduct the business in good faith. There is evidence that he called on the officers of the company from time to time to furnish money to help him out on the pay rolls, but how much was furnished or what proportion this bore to the whole amount required does not appear in the case. That the company was carrying on an expensive undertaking in developing the new opening may be inferred from the amount of money handled. Perhaps the management by Logan was extravagant or the result of bad judgment or inexperience, but there was a failure to show the misappropriation of money by him. On the other hand, there was direct and positive evidence that money which he checked out of the bank was used for the payment of employees and to some extent to the payment of an obligation owed by the company in Baltimore. The fact that the treasurer of the company at Beaver did not keep an account of the financial operations at the mine is not an impeachment of the integrity of the superintendent much less of the plaintiff here which so far as appears in the case had no interest in the mining operation. The question submitted to the jury was whether the defendant had received credit in the bank for the amount of the checks referred to and that this was a proper submission is settled by many authorities. That there was a course of conduct by the superintendent in the management of the mine for years according to which the proceeds of sales of coal were deposited to the credit of the defendant in the name of the Keystone Smokeless Coal Company is not questioned. It was denied by two of the officers that they knew that the account was so kept, but the superintendent appeared before the board of directors from time to time to report on his management and it might well be inferred by a jury from the testimony that they intentionally committed to Logan the whole active management of the busi-

ness. Evidence was competent to show that the money received by the bank was withdrawn by the defendant's agent in charge of the business and applied to the defendant's uses; if so, there could be no liability to the defendant in this action. Nor was the bank bound to follow the fund and be satisfied that it was appropriately applied when received by the superintendent. No by-law of the corporation forbade the use of the funds by the superintendent and the necessities of the business seem to have required it. During these years the plaintiff had seen the superintendent in charge of the works; had received large sums of money on deposit; had credited it in the form requested by the superintendent, and had paid it out as directed by him. There was abundant evidence therefore to support a verdict based on the conclusion that the bank paid out the money as required by the defendant's agent and that none of it came into possession of the plaintiff which it retained; the very small balance above referred to excepted. Hartzell v. Ebbvale Mining Co., 239 Pa. 602; Trust Co. v. Record Publishing Co., 227 Pa. 235, and First National Bank v. Hotel Co., 226 Pa. 292, are authorities sustaining the action of the court below. To have given binding instructions for the defendant or judgment non obstante veredicto would have been erroneous.

The judgment is affirmed.