## Cunningham, Appellant, *v.* Fourth Baptist Church.

*Building contract—Extra work—Changes required by building inspectors.*
A contractor under a building contract may recover from the owner for extra work not agreed to in writing but required by changes in the original plans, ordered by the building inspectors, although the contract provided that no extra work should be paid for unless agreed to in writing and signed by the parties.

Argued Jan. 24, 1894. Appeal, No. 127, July T., 1893, by plaintiffs, Charles Cunningham, trading as Cunningham & Co., from judgment of C. P. No. 1, Phila. Co., June T., 1890, No. 158, M. L. D., entering nonsuit in favor of defendant. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Sci. fa. sur mechanic's lien. Before BIDDLE, J.

At the trial, it appeared that, on June 8, 1889, defendant entered into a contract in writing with James Hood for certain alterations and additions to their church building. The contract provided that no extra work was to be paid for unless agreed to in writing and signed by the parties to the contract.

Plaintiff was a subcontractor for certain stone work under Hood, the general contractor. During the progress of the work by Hood, the building inspectors ordered a certain change in the stone work, and the architect prepared a sketch of the same, and handed it to Mr. Hood, the contractor, who told plaintiff to make the change, and go ahead with the work.

Plaintiff testified that, during the progress of the work, he had a conversation upon the street in front of the church build-

ing with certain members of the board of trustees of the church, that they discussed the price of the extra work with him, and told him to go ahead with it.

The court entered a compulsory nonsuit and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*DeForrest Ballou,* for appellants, cited: Riddle v. Bedford Co., 7 S. & R. 386; Dimpfel v. R. R., 9 Biss. 127; Gaines v. New Orleans, 6 Wal. 716; U. S. v. New Orleans, 17 Fed. R. 483; Church v. Caughey, 85 Pa. 271.

*H. K. Fries, William E. Tolan* with him, for appellee, cited: Workhouse v. Moore, 95 Pa. 408; Fisher v. Gas Co., 1 Pearson, 118; Stewart v. Bank, 11 S. & R. 269; Gillison v. Wanamaker, 140 Pa. 358; Riddle v. Bedford Co., 7 S. & R. 386.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 12, 1893:

This case is here on appeal from the refusal of the court to take off the judgment of nonsuit.

It appears that in June, 1889, the corporation defendant entered into a written contract with James Hood, for certain alterations and additions to its church buildings; in which contract it was provided that no extra work should be paid for unless agreed to in writing and signed by the parties. Plaintiffs were subcontractors under Hood for certain stone work for which they were to receive $1,900, all of which was paid after completion of the work. During the progress of the work a certain change, in the structure of the stone work, was ordered by the building inspectors, a sketch of which was prepared by defendant's architect, and thereupon plaintiffs were directed to make the change thus ordered and go ahead with the stone work, all of which they did; but, on account of said change in the structure of the stone work so ordered by the building inspectors, they incurred an increased outlay for labor and materials not included in their contract with Hood, and for which they were not paid; and, thereupon, they filed the lien on which this scire facias was issued. The defence was that the so-called *extra work,* specified in the lien, was not ordered or contracted

for by the corporation defendant or by any one authorized to bind it therefor. The court, being of opinion that no sufficient evidence of such contract was given, nonsuited the plaintiffs and afterwards refused to take off the judgment of nonsuit.

Conceding, for the sake of argument, that the learned court was right in holding that there was no sufficient evidence of an express contract to pay for the increased outlay necessitated by the change in structure of the stone work ordered by the building inspectors, it does not follow that the defendant as owner of the building was not bound to pay therefor. . The change, prompted by considerations of safety, etc., and ordered by officers of the city invested to a certain extent with the police power of the state, was not a matter, as to which either the owner of the building, or its architect or contractors, could exercise any option. The order, unappealed from, was final and conclusive on all parties, and had to be obeyed. The plaintiffs could not proceed to carry out their contract for the stone work in disregard of the order of the inspectors. It thus became the duty of the defendant to see that the required change was made, and accordingly its architect, as the testimony shows, prepared a sketch thereof, and the plaintiffs, in charge of that branch of the work, were directed to make the change accordingly. They did so, in good faith, with the knowledge and acquiescence of the corporation defendant and under the direction of its architect. There appears to be no good reason why they should not be paid for the materials and labor required in carrying out the order of the building inspectors. In the circumstances disclosed by the testimony, the law imposed on the defendant the duty of seeing that the order was obeyed, and from that arose an obligation to pay those who furnished the necessary material and did the work under the direction of its architect in charge of the improvement. The testimony, returned with the record, is quite sufficient to have carried the case to the jury, and hence there was error in refusing to take off the judgment of nonsuit.

Judgment reversed and a procedendo awarded.