# National Bank of Chester County *v.* Thomas, Appellant.

*Guaranty—Principal and guarantor—Continuing guaranty—Intention —Evidence.*

Whether a contract of guaranty is a continuing undertaking, is a question of intention which must be gathered from the instrument itself, or from the course of dealings between the parties, or from both. If it appears that a future course of dealing for an indefinite time, or a succession of credits to be given is contemplated by the parties, the contract will be construed to be a continuing guaranty.

· Where a father obligates himself in writing to guarantee a bank against any loss on any personal loans made to his son, or on account of any business paper discounted, to amounts respectively designated, and it appears that at the time of the execution of the guarantee, the bank had already made personal loans to the son and discounted paper for him less in each instance than the amount stated in the guarantee, and where the course of dealing so indicates, the court will construe the guaranty as a continuing one, covering not only past but future transactions.

Where it appears a principal debtor is insolvent so that a legal proceeding against him would be fruitless, it is not necessary for a creditor to institute such a proceeding in order to hold a guarantor liable.

· Where in an action upon a guaranty no question is raised in the court below as to whether the creditor had used due diligence in pursuing the debtor, such question cannot be considered for the first time on appeal.

Argued Feb. 10, 1908.   Appeal, No. 198, Jan. T., 1907, by defendant, from judgment of C. P. Chester Co., Jan. T., 1907, No. 32, on verdict for plaintiff in case of The National Bank of Chester County v. Elizabeth C. Thomas and Francis G. Thomas, Executors of I. Preston Thomas, deceased.   Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a guaranty.   Before HEMPHILL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $18,176.46.   Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*A. M. Holding,* with him *Joseph Hill Brinton,* for appellant.—The guaranty sued upon is retrospective and not prospective : Kellogg v. Stockton & Fuller, 29 Pa. 460 ; Unangst v. Hibler, 26 Pa. 150 ; Petriken v. Baldy, 7 W. & S. 429 ; People v. Lee, 104 N. Y. 441 (10 N. E. Repr. 884) ; Denniston v. Schaal, 5 Pa. Superior Ct. 632 ; Boston & Sandwich Glass Co. v. Moore, 119 Mass. 435.

The guaranty was not a continuing one, and, therefore, when personal loans to the amount of $2,500 had been made to Francis G. Thomas, and business paper had been discounted for him to the amount of $1,000, the liability of I. Preston Thomas ended, except as to any losses upon the same : Cutler v. Ballou, 136 Mass. 337 ; Boston & Sandwich Glass Co. v. Moore, 119 Mass. 435 ; Sherman v. Mulloy, 174 Mass. 41 (54 N. E. Repr. 345) ; Busier v. Chew, 5 Phila. Rep. 70 ; Illinois Roofing & Supply Co. v. Gorton, 6 Pa. Dist. Rep. 407 ; Mc-Gough v. Birmingham, 29 Pitts. Leg. Jour. 178 ; Wilde v. Haycraft, 2 Duvall (Ky.), 309 ; Gerson v. Hamilton, 30 La. Ann. 737 ; Morgan v. Boyer, 39 Ohio, 324 ; Denniston v. Schaal, 5 Pa. Superior Ct. 632 ; Aldricks v. Higgins, 16 S. & R. 212 ; Bonney v. Robertson, 6 Col. App. 485 (41 Pac. Repr. 842).

This action cannot be maintained against the estate of I. Preston Thomas, deceased, the guarantor, because no such preliminary course was adopted towards Francis G. Thomas, or

the makers of his business paper, as entitled the bank to proceed upon the guaranty : Hoffman v. Bechtel, 52 Pa. 190; Rudy v. Wolf, 16 S. & R. 79 ; Johnston v. Chapman, 3 Penrose & Watts, 18.

The contingent liability of the guarantor becomes absolute only after due and unsuccessful effort to obtain satisfaction from the principal, or by circumstances that excuse diligence : Gilbert v. Henck, 30 Pa. 205 ; Hartman v. First National Bank of Lancaster, 103 Pa. 581 ; Mizner v. Spier, 96 Pa. 533.

Due diligence must be shown, unless it appear that all diligence would have been hopeless : Ritchie v. Walter, 166 Pa. 604; Campbell v. Baker, 46 Pa. 243 ; Nat. Loan & Building Assn. v. Lichtenwalner, 100 Pa. 100.

*Robert S. Waddell* and *R. T. Cornwell,* for appellee.—It is the intention which determines the question of a continuing or noncontinuing guaranty : Denniston v. Schaal, 5 Pa. Superior Ct. 632 ; Melendy v. Capen, 120 Mass. 222 ; Louisville Mfg. Co. v. Welch, 10 How. (U. S.) 461 ; Nat. Exchange Bank v. Gay, 57 Conn. 224 (17 Atl. Repr. 555) ; Gay v. Ward, 67 Conn. 147 (34 Atl. Repr. 1025) ; Merchants' Nat. Bank of Whitehall v. Hall, 83 N. Y. 338 ; White's Bank v. Myles, 73 N. Y. 335 ; Rindge v. Judson, 24 N. Y. 64 ; Mayer v. Isaac, 6 M. & W. 605 ; Merle v. Wells, 2 Camp. 413 ; Bastow v. Bennett, 3 Camp. 220 ; City Nat. Bank v. Phelps, 86 N. Y. 484.

The contract was an original undertaking : Hassinger v. Ammon, 160 Pa. 245 ; Watson v. Porzel, 158 Pa. 513 ; Owen v. Yeter, 4 Northampton, 111.

The word " guaranty " is used in the contract before us in its popular and not in its technical sense, as the courts have so often had occasion to observe : American Radiator Co. v. Hoffman, 26 Pa. Superior Ct. 177; Sherman v. Roberts, 1 Grant, 261 ; Campbell v. Baker, 46 Pa. 243 ; Reigart v. White, 52 Pa. 438; Woods v. Sherman et al., 71 Pa. 100 ; Riddle v. Thompson, 104 Pa. 330.

Opinion by Mr. Justice Elkin, March 2, 1908 :

The controlling question in this case is whether the written instrument upon which suit is brought is a continuing guaranty. It is in the following language : " For value received I hereby

guarantee the National Bank of Chester County against any loss on any personal loans made by the said Bank to my said son, Francis G. Thomas, to the amount of $2,500 ; also against any loss on business paper of his discounted by said Bank, not exceeding the sum of $1,000." It was executed by the father and intended to assist in maintaining the credit of the son. The father obligated himself to guarantee the bank against any loss on any personal loans made to the son or on account of any business paper discounted to the amounts respectively designated. It is now contended for appellant, first, that the guaranty sued on is retrospective and not prospective; second, that it is not a continuing guaranty ; third, that there can be no recovery because the notes sued on are renewals of former notes, and consent of guarantor was not shown; and fourth, that the action cannot be maintained against the estate of the guarantor because the evidence produced at the trial was not sufficient to show due diligence on the part of the bank to obtain payment from the persons primarily liable. The first three positions depend upon the scope and character of the contract of guaranty entered into between the parties. If it was a continuing guaranty the suit can be maintained and the judgment of the court below was properly entered. Whether a contract of guaranty is a continuing undertaking is a question of intention which must be gathered from the instrument itself, or from the course of dealings between the parties or from both. If it appears that a future course of dealing for an indefinite time, or a succession of credits to be given, was contemplated by the parties, the contract will be construed to be a continuing guaranty. Contracts of this character, as a rule hastily drawn by persons without technical knowledge of the import and legal effect of the words used, vary so much that it is difficult to state definite rules which should control in their construction. In every case, however, it is a question of intention to be determined as above indicated. What was the intention of the parties in the case at bar ? Did the father intend to limit his liability to the indebtedness existing when the contract of guaranty was entered into, or did he, having a paternal solicitude for the business success of his son, undertake to secure the bank against loss for a line of credit to be extended by the bank from time to time and within the limita-

tions as to amounts fixed ? The learned court below construed the contract to be a continuing guaranty, and directed a verdict for the plaintiff. In the opinion of the trial judge refusing a new trial it is stated that at the time of the execution of the paper the bank had already made personal loans to the son aggregating $2,300, and had discounted business paper amounting to $826.90. Under these facts it does not seem reasonable to say that the father only intended to protect the bank for personal loans already made to the son and for business paper then discounted, because the personal loans made and business paper discounted were less in each instance than the amount he undertook to guarantee to the bank. If he intended to limit his liability to loans then in existence it would have been an easy matter to do so, and not having done so, raises a strong presumption against the contention now made in behalf of his estate. Indeed, as we view the case, the paper itself, the situation of the parties at the time it was executed and the course of dealing between them show that it was the intention of the father to aid his son in securing a line of credit from the bank to assist him in his business undertakings, indefinite in time as to the making of the personal loans or the discounting of business paper, but with a fixed limitation of liability in each class of loans. The words " made " and " discounted " used in the contract are relied on by counsel for appellant to support their contention that the guaranty applied only to the loans and discounts existing at the time of its execution. It may be conceded that these words as ordinarily used apply to completed transactions, but not necessarily so. We quite agree with the suggestion made by counsel for appellee that these words are used in the participial sense, without relation to time, and may apply as well to future as to past transactions. The guarantor undertook to protect the bank " against any loss on any personal loans made" or " on business paper of his discounted." The use of the words " any loss " on " any personal loans " is inconsistent with the contention that the guaranty only applied to particular loans already made. There can be no reasonable doubt that the father, the guarantor, in order to induce the bank to extend a line of credit to his son, undertook to protect it against any loss on any personal loans made to the son in the past or to be made to him in the future. The

contract, when considered as a whole in connection with the course of dealing between the parties, is not susceptible of any other reasonable interpretation.

It is further contended for appellant that there can be no recovery in this case because a contract of guaranty is collateral and secondary, and that before the creditor can proceed against the guarantor he must show diligent effort to recover payment from the original debtor. It is true that the guarantor has a right to insist upon an honest intelligent effort on the part of the creditor to obtain payment from the person primarily liable. It is not always necessary to institute legal proceedings to enforce payment from the debtor, although when such proceedings are instituted and pressed the presumption of due diligence arises. But if it clearly appears that the principal debtor is insolvent so that pursuit would be fruitless, it is not necessary to institute legal proceedings. There might be some doubt in this case whether the evidence was sufficient to show due diligence, but this question has not been raised by any assignment of error and does not seem to have been pressed in the court below. The learned trial judge in the charge to the jury evidently took it for granted that no such question was in the case. He stated that no matters of fact were in dispute, that the amount of the loans made and interest thereon were all conceded, and that the only question to be determined was the liability of the guarantor under the written instrument. If the question of due diligence in pursuing the original debtor was in the case it should have been raised in a proper manner in the court below so that an erroneous ruling thereon might be assigned for error here. The record does not show that the question was so raised, and it is too late to consider it now.

Judgment affirmed.