## Black, Appellant, *v.* Isaacman.

*Pleading—Statement of claim—Affidavit of defense—Insufficient statement—Anticipatory replication.*

1. A statement of claim which simply alleges that the defendant was on a certain day "indebted to the plaintiff for money loaned and for work and labor done and materials furnished by the plaintiff to the defendant," in a sum stated, is, without more, insufficient; nor is such a statement of claim helped out by an averment that in his deposition filed in another suit between the same parties, the defendant admitted that he was indebted to the plaintiff in such sum. Such admission is evidence, but does not in itself constitute a cause of action.

2. Anticipatory matter in a statement of claim is not in itself fatal, but it does not constitute a cause of action where the statement is otherwise insufficient.

Argued Oct. 20, 1910.    Appeal, No. 148, Oct. T., 1910, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1909, No. 3,639, discharging rule for judgment for want of a sufficient affidavit of defense in case of Morris Black v. Louis Isaacman.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.    Affirmed.

Assumpsit for money loaned.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Samuel Galt Birnie,* with him *Louis Strousse,* for appellant.

*Joseph S. Goodbread,* for appellee.

PER CURIAM, November 21, 1910:

To entitle a plaintiff to judgment for want of an affidavit of defense, or for want of a sufficient affidavit of defense, the statement of his demand, under the Act of May 25, 1887, P. L. 271, must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim: Chestnut Street Nat. Bank v. Ellis, 161 Pa. 241; Bill Posting Sign Co. v. Jermon, 27 Pa. Superior Ct. 171; Tourison v. Engard, 30 Pa. Superior Ct. 179; Rosenblum v. Stolzenberg, 36 Pa. Superior Ct. 644.    Therefore, upon the hearing of the rule for judgment in the present case, the sufficiency of the statement of claim was open to inquiry; particularly, as its insufficiency was distinctly asserted in the affidavit of defense.    This is abundantly shown by the cases above cited and many others to the same effect.    A statement of claim which simply alleges that the defendant was on a

certain day "indebted to the plaintiff for money loaned and for work and labor done and materials furnished by the plaintiff to the defendant in the sum of $470," would, without more, be insufficient. It is not such a clear and concise statement of the plaintiff's demand as the act of 1887 contempates. Nor is such a statement helped out by an averment that in his deposition, filed in another suit between the same parties, the defendant admitted that he was indebted to the plaintiff in that sum. Such admission would be evidence, but it did not in itself constitute a cause of action. The remainder of the statement of claim under consideration is evidently anticipatory of the defense, and for that reason is objectionable pleading. In general, it is safe in pleading in actions at law to go upon the principle that it is enough for each party to make out his own case or defense. If the statement of claim had otherwise been sufficient, the introduction of this anticipatory matter would not have been fatal. We refer to it simply as not constituting a cause of action and as not helping out the insufficient averment heretofore quoted. Even if it be conceded that the affidavit of defense is defective, the court was right in refusing judgment upon the ground of the insufficiency of the statement.

The appeal is dismissed at the costs of the appellant.