# Spencer v. Conrad, Appellant.

*Appeals—Assignments of error—Nonsuit.*

1. The refusal of a compulsory nonsuit is not assignable for error.

*Contract—Sale—Delivery—Evidence—Question for jury.*

2. Where 3,000 mine ties have been seized and sold in execution, and an action is brought against the constable for a wrongful seizure and sale, and in such action the plaintiff claims that he had purchased the ties from the defendant in the execution, and shows that at the time of the levy he was in actual possession of them at a railroad siding, and was engaged in loading them on to cars, the question whether there had been such a delivery of the ties in pursuance of the sale as the nature and circumstances of the case admitted, is a question for the jury.

Argued Oct. 26, 1910. Appeal, No. 106, Oct. T., 1910, by defendant, from judgment of C. P. Huntingdon Co.,

Sept. T., 1909, No. 9, on verdict for plaintiff in case of E. F. Spencer v. W. S. Conrad. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass for an alleged wrongful levy and sale of mine ties. Before WOODS, P. J.

The court charged in part as follows:

This is an action of trespass brought by E. F. Spencer against W. S. Conrad, to recover the value of a certain lot of mine ties, which the plaintiff alleges belong to him, and which the defendant, being a constable, sold by reason of an attachment and execution which came into his hands sometime during the month of October, 1908.

The evidence on the part of the plaintiff is to the effect that as Mr. Spencer testified, he purchased about 2,860 ties from one Mr. Frank Fritchey, and that he started, shortly after purchasing them to load these ties and ship them away. That at that time, or about the time he was loading the ties, the constable, this defendant, came with the attachment and attached these ties. That he about that time paid this attachment to one Mr. White. That subsequent to this another attachment was issued by Mr. Hetrick and that the constable upon that attachment proceeded and sold the ties and obtained the money for the value of the ties.

The defendant testified that the plaintiff did not buy these ties, that it was simply an arrangement between Mr. Fritchey and the plaintiff, to keep the laborers of Fritchey who were on this job from being paid their proper wages and that he took possession of this property for the purpose of getting the money and applying it to his debt and then the balance to Fritchey. This is the contention on the part of the defendant. You will remember the evidence on this, as on all branches of the case.

Mr. Spencer testified that he had in the ties $86.30 for

his labor, that he paid the attachment of Mr. White, $25.00, and that he then accepted an order of Mr. Robinson's of $40.00, and therefore he had $151 and some cents in it.

[Gentlemen of the jury, if you believe there was a bona fide sale, a sale without any fraud on the part of Mr. Spencer, then he would be entitled to recover the value of the ties, which according to the evidence is six cents apiece, and would be $171.60. If you believe the evidence on the part of the plaintiff, that this plaintiff purchased the ties and took possession of them before this attachment of Hetrick's had been issued upon which the ties were sold by the constable, then the plaintiff would be entitled to recover the value of these ties, which would be as I have said, $171.60 with interest from October 1, 1908. That would be your verdict if you believe, as I said that the sale was made and possession of the ties was taken by the plaintiff] [2], then your verdict would be, we find for the plaintiff in the sum of blank money, whatever it would be, $171.60, and then upon that you would calculate interest from October 1, 1908, up to this time, and that would be your verdict. Calculate the interest from October 21, if you find the contention of the plaintiff to be correct.

[If on the other hand, you find there was no sale made, no good sale made, then your verdict should be, we find for the defendant.] [3]

*Errors assigned* were (1) refusal of compulsory nonsuit; (2, 3) above instructions, quoting them.

*Harry W. Petrikin*, for appellant.

*Thos. F. Bailey*, for appellee.

OPINION BY HENDERSON, J., November 21, 1910:

This action involved the title to a lot of mine ties. The ties were manufactured by Frank Fritchey who became

indebted to numerous persons, among whom were John Hetrick and the plaintiff. Hetrick obtained a judgment against Fritchey from a justice of the peace pursuant to an attachment and issued an execution which was placed in the hands of the defendant, a constable. A levy was made on the ties by virtue of that execution and immediately thereafter the plaintiff gave notice to the constable that the property belonged to him; whereupon, the constable, having been indemnified, sold the ties in due time. This action was brought to recover damages for the alleged trespass. The first assignment is to the refusal of the court to grant a compulsory nonsuit and the second and third are to portions of the charge of the court. No requests were made for special instructions. The refusal of the compulsory nonsuit is not assignable for error: Crawford et al. v. McKinney, 165 Pa. 605; Morgan v. Duquesne Boro., 29 Pa. Superior Ct. 100; and that assignment need not be considered. The portions of the charge, covered by the second and third assignments, submitted to the jury the question of the bona fides of the sale of the property by Fritchey to the plaintiff and clearly and properly presented the issue of fact which the evidence disclosed. The property seized by the constable was at a railroad siding and the plaintiff was there in charge of it at the time of the seizure. Fritchey was not there. The plaintiff served notice that the property belonged to him and as he was in apparent possession and asserting title the question of delivery was one of fact to be considered and determined by the jury. The character and location of the property, the relation of the plaintiff to it at the time of the levy and the circumstances attending the alleged sale could not have been disposed of by the court. There were nearly 3,000 ties. They could not be conveniently removed. They were at a place suitable for transfer to cars and the plaintiff was there actually loading them into a car when they were attached. Whether there was such a change of possession as the nature and circumstances of the case admitted of was properly submitted by the

court to the jury and this was done in a clear and impartial charge. If the defendant desired more specific instructions on the subject the court should have been requested to charge the jury more fully on the point. The evidence supports the verdict and we do not see anything in the case which would justify a reversal of the judgment.

The judgment is affirmed.