## Rose *v.* Scott, Appellant.

*Contracts—Building contracts—Extra work—Evidence.*

In an action for extra work performed on a building the case is
for the jury and a verdict for the plaintiff will be sustained, where
there is evidence that the work was done and the material was
supplied at the request of the owner of the building.

196, (1920).]　　　　Syllabus—Arguments.

A provision in the contract that "the plans and specifications are not to be altered in any particular unless by the agreement in writing signed by both of the parties" does not apply to extra work furnished in addition to that supplied in accordance with the terms of the contract.

In such case it is not necessary to produce two witnesses and corroborating circumstances to prove the performance of the extra work, as it is not an attempt to vary or add to a written contract something alleged to have been omitted therefrom.

Argued October 11, 1920. Appeal, No. 36, Oct. T., 1920, by defendant, from the judgment of C. P. No. 5, Phila. County, Dec. T., 1917, No. 472, on verdict for plaintiff in the case of Charles Rose, trading as J. Rose & Son, v. Amos Scott. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover for extra work done under a building contract. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $399 and judgment thereon.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*J. A. Robbins,* for appellant.—Where it was alleged that a written contract has been verbally modified, and this verbal agreement is supported by but one witness, without corroborating circumstances, there is not sufficient evidence to send the case to a jury: Wyckoff v. Ferree, 168 Pa. 261; Dickson v. Hartman Manufacturing Co., 179 Pa. 343; Gaynor v. Williamsport Ry., 189 Pa. 5.

There being no evidence that the written contract was superseded recovery for extras is precluded by the stipulations in the contract: Miller v. McCaffrey, 9 Pa. 245; Gillison v. Wanamaker, 140 Pa. 358; Hamilton v. Hart, 109 Pa. 629; O'Keefe v. St. Francis Church, 59 Conn. 551; Kelly v. Church, 148 N. Y. App. Div. 767.

*Samuel J. Gottesfeld,* and with him *Maurice Rose,* for appellee.—The claim of the plaintiff was for additional labor and material furnished under promise to pay therefor, and there was no necessity to corroborate the plaintiff's evidence: Cunningham v. Church, 159 Pa. 620; Shultz v. Seibel, 209 Pa. 27; Achenbach v. Stoddard, 253 Pa. 338; Kime v. Tobyhanna Creek Ice Company, 240 Pa. 61.

OPINION BY LINN, J., December 10, 1920:

In his statement of claim plaintiff alleged that he had furnished material and labor on a house belonging to defendant pursuant to a written contract; that he had been paid therefor; that he had also furnished extras—material and labor—at defendant's request for which defendant refused to pay and for which he sought recovery.

In his affidavit of defense, defendant denied that he had ordered the extras and that any were furnished; he averred that plaintiff had been paid all that was due to him.

The issue so made, therefore, was whether defendant expressly or impliedly had ordered extras and whether, if so, they had been furnished, and what they were reasonably worth. The verdict settles this issue in favor of plaintiff. Defendant's appeal contains three assignments of error.

1. The first assignment complains of the admission of certain evidence. While the assignment is not in accordance with our rules requiring it to contain the evidence in dispute, we observe that if there was any foundation for the objection, it was removed by appellant himself. He objected "to any testimony as to what was done either inside or outside of the contract, unless it is produced or accounted for." Subsequently, he offered the contract in evidence.

2. The second assignment is to the refusal to enter a nonsuit. No assignment lies to that action: Spencer v. Conrad, 44 Pa. Superior Ct. 489.

196, (1920).]          Opinion of the Court.

3. The remaining assignment complains of the refusal to enter judgment non obstante veredicto. Plaintiff presented evidence in detail stating the extras ordered and furnished and the reasonable market value thereof. Defendant testified that he ordered a part, denied ordering the rest and explained why he should not be held liable therefor. He seeks to escape liability by reference to a provision in the contract stating that "the plans and specifications are not to be altered in any particular unless by the agreement in writing signed by both of the parties," contending that the evidence of waiver of that provision was insufficient. To support his contention, he cites opinions discussing the rule relating to the variation of writings by oral evidence. They are inapplicable. There was no attempt to vary or add to the written contract something alleged to have been omitted therefrom. The authorities applicable to the issue tried are Cunningham v. Church, 159 Pa. 620; Shultz v. Seibel, 209 Pa. 27, and Cramp v. Realty Corporation, 268 Pa. 14. Two witnesses or one witness and corroborating circumstances are not required to prove the extras.

The evidence was put to the jury by the learned president judge of the common pleas in a charge so full and clear that no objection was made to it by appellant. It is therefore obvious that on such a record presenting disputed questions of fact to be determined, the court could not enter judgment non obstante veredicto.

The judgment is affirmed.