## Ransberry *v.* Fulmer, Appellant.

*Practice, C. P.—Judgment non obstante veredicto—Request for instructions—New trials—Allowance.*

A judgment non obstante veredicto cannot be entered where no request for binding instructions has been submitted.

Where the court below awards a new trial because in its judgment the ends of justice call for the submission of a case to the second jury, the appellate court will not reverse unless it clearly appears that the trial court abused its discretion by acting arbitrarily or under a plain mistake of law.

Argued December. 4, 1922. Appeal, No. 12, Oct. T., 1922, by defendant, from judgment of C. P. Monroe Co., Dec. T., 1917, No. 30, on verdict for defendant in the case of Jesse Ransberry v. Philip F. Fulmer. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on promissory note. Before SHULL, P. J.

The facts are stated in the opinion of the Superior Court.

The jury found a verdict in favor of the defendant in the sum of $380.

On motion by the plaintiff for judgment non obstante veredicto and for a new trial the court dismissed the motion for judgment non obstante veredicto and granted a new trial. Defendant appealed.

*Error assigned* was the order of the court.

*Wilton A. Erdman,* for appellant.

*C. Raymond Bensinger,* and with him *A. Mitchell Palmer,* for appellee.

OPINION BY GAWTHROP, J., March 2, 1923:

This was an action of assumpsit brought by the payee of a promissory note against the maker. Payment was resisted on the ground of fraud in the securing and performance of the contract, in settlement of which the note was given. After a trial by jury, a verdict was returned for the defendant. Before a judgment was entered thereon, the plaintiff filed motions for judgment non obstante veredicto and for a new trial. The trial judge dismissed the motion for judgment non obstante veredicto because no point for binding instructions had been submitted by the plaintiff. He could not do otherwise: Butler Borough School District v. Penn Township School District, 64 Pa. Superior Ct. 208. The rule for a new trial was made absolute and from that order the defendant brings this appeal. The sole question before us is whether there was any abuse of discretion in granting a new trial. After examining the whole record, we are convinced not only that there was no such abuse, but that the court would have been warranted in entering judgment notwithstanding the verdict, as he said he would have done, if a point for binding instructions had been filed. It would serve no useful purpose to review or cite the numerous cases in the Supreme Court and this court, in which it is held that where the court below awards a new trial because in its judgment the ends of justice called for a submission of the case to a second jury, the appellate court will not reverse unless it clearly appears that the trial court abused its discretion by acting arbitrarily or under a plain mistake of law. A reference to Hess v. Gusdorff, 274 Pa. 123, and National Standard Clothes Co. v. Max Golden, 77 Pa. Superior Ct. 479, is sufficient.

The appeal is dismissed.