Security Finance Co., Inc. to Use, Appellant, *v.*
Linker.

Argued September 27, 1934.

Before
KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER
and JAMES, JJ.

524

*Maxwell Pestcoe,* for appellant.

*Samuel I. Sacks,* of *Sacks & Piwosky,* for appellee.

OPINION BY KELLER, J., January 4, 1935:

This was an action of assumpsit on a written contract. The contract is printed in the reporter's statement. The appellant contends it is a contract of suretyship; the appellee that it is one of guaranty. We think that the Act of July 24, 1913, P. L. 971, affects it to the extent that suit may be brought upon it against the defendant without any prior effort to recover from the principal or original debtor. See National Bank of Chester County v. Thomas, 220 Pa. 360, 365, 69 A. 813. But, by its express terms, the liability of the defendant to pay the plaintiff $1,000 is conditioned on the non-payment of that sum of money by the original debtor, Gerson Shalita, within three years from the date thereof. The contract states that "Benjamin Linker is willing to guarantee to the Security Finance Company the sum of one thousand dollars if such sum is not paid by Gerson Shalita to the Security Finance Company within three years from the date hereof;" and this must be kept in mind in construing the defendant's agreement that he would "guarantee to the Security Finance Company the payment of the sum of one thousand ($1,000) dollars of the money due by Gerson Shalita to the Security Finance Company if such moneys are not paid by Gerson Shalita to the Security Finance Company within three years from date hereof." To fix defendant with liability the plaintiff had to aver in its statement, and prove on the trial, that Gerson Shalita had not paid to it, within three years from the date of the contract, one

thousand dollars on account of the moneys to be paid in settlement of the "accounts, agreements or disagreements" between them, excluding any money paid on the date of the contract, January 3, 1929, which, it seems to be conceded, was $500.

The plaintiff recognized this burden in preparing his statement of claim, and averred "No payment of $1,000 or any part thereof has been paid by Gerson Shalita, nor by anyone, and there remains at this time due and unpaid by Gerson Shalita to the plaintiff, the sum of $1,000, the said sum of $1,000 guaranteed by the defendant," etc.; but on the trial it produced no evidence at all in support of this averment, and now contends that the burden was on the defendant to prove that Gerson Shalita had paid the $1,000, not on the plaintiff to prove that he had not paid it. The issue was, had Gerson Shalita failed to pay the plaintiff $1,000 within three years. The defendant was liable under the contract only if the *affirmative of that issue* was established by the plaintiff. The burden was on the plaintiff to prove non-payment by the original debtor, not on the defendant to prove payment. As the plaintiff failed to support the material averment of its statement of claim above quoted by any proof, and produced no evidence of the contingency having happened on which defendant's liability under the contract was based, the court below could do nothing else than direct a verdict for the defendant. That some other considerations may have entered into its action is beside the point.

The situation is wholly different from that in Carl v. Grand Union Co., 105 Pa. Superior Ct. 371, 161 A. 429, on which appellant relies. That was an action by an employee to recover a sum of money deposited with his employer as security for his honest management of the latter's store; which sum was to be returned to him on termination of his employment, less any short-

age that might be found in his accounts. By the terms of the deposit the plaintiff was entitled to the return of the money deposited less any shortage, as aforesaid, and the burden was on the defendant both to aver and prove the shortage, if any. In the present case, on the other hand, the plaintiff was not entitled, under the contract, to call on the defendant to pay anything to it unless the original debtor, Gerson Shalita, failed to pay one thousand dollars to the plaintiff within three years from date, and then, only so much of the thousand dollars as Gerson Shalita had not paid. The burden, accordingly, rested on the plaintiff to aver and prove that the condition or contingency which made the defendant liable to respond to the plaintiff had occurred, viz., that Gerson Shalita, the principal debtor, had not paid the plaintiff one thousand dollars or any part thereof, since January 3, 1929.

The appellant also contends that the court erred in not entering judgment in its favor for want of a sufficient affidavit of defense, because the defendant's denial of the above quoted averment in the plaintiff's statement of the non-payment of $1,000 by Gerson Shalita was not as specific and definite as it should have been. The rule that averments of 'payment' in an affidavit of defense must be specific and definite applies to payments alleged to have been made by the defendant. If he made them he knows the facts and can give specific details of the payment. It does not apply with the same force to payments which the defendant, when sued as a surety or guarantor, claims were made by the principal debtor. On the trial the defendant can subpoena the principal debtor or take his testimony by deposition, and prove the details of the payments, but he has no means of compelling the disclosure of this information in detail within the fifteen days given him to prepare and file his affidavit of defense. The denial in the affidavit of defense was

sufficient in the circumstances, especially in view of the implied admission in the plaintiff's statement that only $2,765.75, with interest from January 1, 1930, remained unpaid out of an alleged account of $4,265.75 due by Gerson Shalita; thus showing the receipt by plaintiff from Gerson Shalita, before January 1, 1930, of $1,500, or $1,000 over and above the $500 paid on January 3, 1929.

We find no error in the exclusion of the note for $4,265.75, given by Gerson Shalita to Emanuel Weil, trustee. The latter was not a party to the contract and no offer was made to show that this note was the note or obligation referred to in the contract. Nor in the exclusion of the agreement between the plaintiff, Security Finance Co. and Gerson Shalita, exhibit "D" to the plaintiff's statement. The defendant was not a party to it. There was no offer made to prove that it was shown to defendant at the time he signed the contract in suit, or that he had any knowledge of it in connection with his contract of guaranty. In so far as the terms of this agreement were at variance with the contract in suit the defendant could not be affected by it. He had nothing to do with any guaranties made by any other person. By the terms of the contract in suit, any payments made by Gerson Shalita to the plaintiff, after the date of the contract, January 3, 1929, relieved the defendant of his guaranty to the extent of such payments. If, as may be inferred from the statement, $1,000 was paid by Gerson Shalita to plaintiff within three years after January 3, 1929, no liability whatever remained upon the defendant under the contract. The contract in suit is too clear and definite in its terms to be changed or altered by reference to some agreement of settlement to which defendant was not a party.

The judgment is affirmed.